**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Tamez, | No. CV-24-00458-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Federal Bureau of Investigations, et al., | |
| Defendants. | |

On September 12, 2024, pro se Plaintiff Mario Tamez filed a Complaint alleging violations of his Second and Fourth Amendment rights, the right to an attorney, and asserting claims of discrimination, negligence causing personal injury and property damage, intentional infliction of emotional distress, and defamation. (Doc. 1.) Plaintiff has also filed an Application for Leave to Proceed in Forma Pauperis. (Doc. 2.) For the following reasons, the Court will dismiss Plaintiff's Complaint (Doc. 1) with leave to amend and grant Plaintiff's Application for Leave to Proceed in Forma Pauperis (Doc. 2).

**I.    In Forma Pauperis**

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that he "is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1); LRCiv 3.3. Review of Plaintiff's Application demonstrates that his modest living expenses exceed his limited income. (Doc. 2.) Therefore, the Court will grant the Application.

//

//

## II. Statutory Screening of IFP Complaint

### A. Legal Standard

In reviewing an in forma pauperis complaint, the Court must dismiss the case if it determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). District Court screening orders apply the same standard as applied to a Rule 12(b)(6) motion to dismiss. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Thus, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint must contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Additionally, courts may consider facts contained in documents attached to the complaint in determining whether the complaint states a claim for relief. *Nat'l Ass'n for Advancement of Psychoanalysis v. Cal. Bd. of Psych.*, 228 F.3d 1043, 1049 (9th Cir. 2000).

Pro se filings must be construed liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). However, the Court is not to serve as an advocate of a pro se litigant in attempting to decipher a complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute as stated in Akhtar v. Mesa*, 698 F.3d 1202 (9th Cir. 2012). For example, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ.*

*of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127–29.

Additionally, all allegations of a claim are to be set forth in numbered paragraphs that should be limited to a single set of circumstances. Fed. R. Civ. P. 10(b). "Each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id*. Failure to set forth claims in such a manner places the onus "on the court to decipher which facts support which claims, as well as to determine whether . . . [a plaintiff is] entitled to the relief sought." *Haynes v. Anderson & Strudwick, Inc.*, 508 F. Supp. 1303, 1307 n.1 (E.D. Va. 1981). "Enforcement of this rule is discretionary with the Court, but such enforcement is appropriate where it is necessary to facilitate a clear presentation of the claims." *Ramage v. United States*, No. CIV 14-2132-TUC, 2014 WL 4702288 at *1 (D. Ariz. Sept. 22, 2014) (citing *Benoit v. Ocwen Fin. Corp.*, 960 F. Supp. 287, 289 (S.D. Fla. 1997), *aff'd* 162 F.3d 1177 (compliance with rule mandatory where allegations were so confounding and conclusory, claims were commingled, and unfeasible to decipher nature of claims)).

**B. Complaint**

Plaintiff's Complaint lists ten claims: (1) "Second Amendment [right] To Carry Firearms"; (2) *Bivens*; (3) "Color of Law-Discrimination"; (4) "Visual Technology/ Virtual Technology Damage To Visual Lobe/Eyes"; (5) Unreasonable Search & Seizure Using Neuralink Brain Computer Interfaces ("BCIs"); (6) Infringement of Right to Any Attorney; (7) Police/ Federal/ State Use of Excessive Force; (8) Property Disputes, and Ownership, Damage to Ones Property using BCIs; (9) Emotional Distress, Threats of Retaliation, Threats of Sexual Extortion; (10) Defamation. (Doc. 1 at 6–7.)

Plaintiff names seven parties as Defendants: (1) the Federal Bureau of Investigation (FBI); (2) the Arizona Attorney General's Office; (3) the Arizona Governor's Office; (4) the Benson, Arizona Police Department; (5) the Cochise County Sheriff's Department; (6) the Cochise County Attorney's Office; and (7) the Cochise County Adult Probation

Department. (Doc. 1 at 6.) As relief, Plaintiff seeks only monetary damages, in the amount of $10.7 million. (Doc. 1 at 4.)

The factual allegations in the Complaint are set forth in one short paragraph. Plaintiff alleges he purchased a firearm from a website on June 7, 2024, and the firearm was delivered to Sarges Firearms, a gun store in Benson, Arizona, on June 11, 2024. (*Id.* at 6.) Plaintiff filled out an application, and the gun store submitted his information to obtain a criminal background check. (*Id.*) On June 18, 2024, the owner of Sarges notified Plaintiff that his application had been denied by the FBI. (*Id.*)

Additional "allegations" can be inferred from the documents attached to Plaintiff's complaint. It appears that in response to Plaintiff's two requests for the FBI's reasons for denial, the FBI stated in a letter that Plaintiff has been convicted of a crime punishable by imprisonment for a term exceeding one year and, therefore, is prohibited from possessing a firearm under 18 U.S.C. §§ 921(a)(20), 922(g)(1). (Doc. 1-1 at 9–11, 13–15.) The FBI wrote that "some convictions which may have been 'sealed' or 'expunged' for certain purposes still qualify as 18 U.S.C. § 922(g)(1) prohibitors." (*Id.*) Documents attached to Plaintiff's complaint include: (1) a December 2, 2021 order of the Cochise County Superior Court granting his application to restore his firearm rights, after a conviction for possession of drug paraphernalia in 2017, (*id.* at 1–2); and (2) an online case report showing a 2008 domestic violence assault conviction that was set aside in 2011, (*id.* at 17–25).

The attached documents show that Plaintiff challenged the FBI denial, and on July 16, 2024, the FBI responded, verifying the accuracy of the prohibiting record and notifying Plaintiff that his denial was based on a record originating in the Cochise County Superior Court. (*Id.* at 6–7.) The FBI informed Plaintiff he could request a "record review" from the Arizona Department of Public Safety and confer with an attorney to determine what remedies are available. (*Id.*) On August 21, 2024, Plaintiff submitted a Voluntary Appeal File (VAF) Request to the FBI. (*Id.* at 16.)

//
//

- 4 -

C. Discussion

    1. **Claims 1 & 2 Fail to State a Claim Upon Which Relief Can Be Granted**

        a. Claim 1 – Second Amendment

In liberally construing Plaintiff's complaint, it appears that Plaintiff is alleging that the documents attached to his complaint show Plaintiff has had his state firearm rights restored with respect to one conviction, and another conviction set aside, and therefore, (1) the agencies involved in administering the National Instant Criminal Background Check System (NICS) made an error when they denied his application for a firearm; and (2) that error caused a violation of Plaintiff's Second Amendment rights. However, Plaintiff does not allege how the FBI denial violates his right to carry a firearm or what error was made, and Plaintiff's allegations do not permit the Court to reasonably infer that any named defendant is liable for a constitutional violation.

First, Plaintiff does not specify which agency or individual allegedly erred with respect to the NICS denial or what the error is. "Both federal and state law extensively regulate the purchase and possession of firearms." *Smith v. United States*, 63 F.4th 677, 679 (8th Cir. 2023). The FBI, pursuant to the Brady Handgun Violence Prevention Act (Brady Act), operates the NICS. *Id.*; 28 C.F.R. § 25.1. The Brady Act and its regulations provide a process by which individuals who believe they have been erroneously denied a firearm may challenge the denial. *See* 28 C.F.R. § 25.10. An individual may request the reason for the denial from the agency that conducted the background check, here, the FBI. *Id.* § 25.10(a). The individual may then "challenge the accuracy of the record upon which the denial is based, or if the individual wishes to assert that his . . . rights to possess a firearm have been restored," he may apply to the denying agency. *Id.* § 25.10(c). The denying agency will notify the individual of the agency that originated the document upon which the denial is based, and the individual may apply to that agency for "correction of the record." *Id.* If the originating agency corrects the record, the individual "may so notify the denying agency, which will…take all necessary steps to correct the record in the NICS." *Id.* Additionally, an individual may apply for the Voluntary Appeal File (VAF)

with the FBI. *Id.* § 25.10(g). Applying for the VAF requires submitting fingerprints to verify the individual's identity, after which FBI personnel will research the case and, if the individual has no firearms prohibitions, assign a unique personal identification number to confirm the individual's identity for future firearms transactions.[1]

Here, it appears that Plaintiff submitted two requests for the reasons for his firearm-related denial, (Doc. 1-1 at 9–11, 13–15), and one challenge to the FBI's decision, (Doc. 1-1 at 6–7). In compliance with the federal regulations discussed above, the FBI provided the general reason for the denial, a felony conviction, and notified Plaintiff that the record upon which the FBI based its denial came from the Cochise County Superior Court. (*Id.*) Plaintiff does not allege that he has applied to the "denying agency," Cochise County, for correction of the record as provided for in 28 C.F.R. § 25.10(c). Nor has Plaintiff sufficiently specified the criminal conviction(s) upon which the denial of the firearm was based. The letters attached to the complaint do not show which conviction was the reason for the denial. To receive the specific reason for the denial, i.e., the specific conviction, Plaintiff must verify his identity with the FBI.[2] Plaintiff submitted a VAF Request with his fingerprints to the FBI on August 21, 2024. (Doc. 1-1 at 16.) Plaintiff's appeal appears to be proceeding through the proper administrative channels, in compliance with federal law. Apparently, Plaintiff has not yet received the VAF results. At this point, the allegations are insufficient to show that the FBI is the party that has made a mistake in the denial.

Plaintiff has named three offices of the Cochise County government as defendants: the Sheriff's Department, the County Attorney's Office, and the Adult Probation Department. Plaintiff has not alleged which, if any, of these departments provided an erroneous criminal record(s) to the FBI. Moreover, the FBI Notice shows that the "prohibiting record" originated from a different department—the Superior Court.

---

[1] 28 C.F.R. § 25.10(g); FBI, *Firearm-Related Challenge (Appeal) and Voluntary Appeal File (VAF)*, https://www.fbi.gov/how-we-can-help-you/more-fbi-services-and-information/nics/national-instant-criminal-background-check-system-nics-appeals-vaf (last visited October 4, 2024). The FBI letter indicates that the VAF process can take several months.

[2] FBI Criminal Justice Information Services Division, *Guide for Appealing a Firearm Transfer*, https://ucr.fbi.gov/nics/appeals/nics-guide-for-appealing (September 2013).

Second, even if Plaintiff were to plead facts sufficient to allege the FBI or a Cochise County department made a mistake with respect to the Plaintiff's *state* criminal record, it does not appear that Plaintiff has alleged sufficient facts to state a cause of action under the Second Amendment. Individuals with felony convictions are prohibited from possessing firearms under *federal law*. 18 U.S.C. § 922(g)(1). This statutory prohibition is presumptively valid and has never been held to violate the Second Amendment. *See United States v. Rahimi*, 144 S. Ct. 1889, 1902 (2024) (citing *District of Columbia v. Heller*, 554 U.S. 570, 626–27 (2008)); *United States v. Vongxay*, 594 F.3d 1111, 1115–18 (9th Cir. 2010).

It is possible that Plaintiff may be entitled to his firearm rights given the Brady Act's exemption clause, which provides that "any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction," for purposes of the prohibitions in 18 U.S.C. § 922(g). 18 U.S.C. § 921(a)(20).[3] However, as discussed above, the sparse factual allegations contained in Plaintiff's complaint are insufficient to show this exemption applies. The Complaint does not allege the nature or status of Plaintiff's prior convictions.

### b. Claim 2 – *Bivens*

Plaintiff fails to state a *Bivens* claim. (Doc. 1 at 6.) In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, the Supreme Court held that individuals may maintain a cause of action for damages against federal officers in their individual capacities for violations of the Fourth Amendment's prohibition on unreasonable searches and seizures. 403 U.S. 388, 389 (1971). In the following decade, the Court extended *Bivens* to apply to a Fifth Amendment claim for sex-based employment discrimination and an Eighth

---

[3] The Court notes that a remedy exists for individuals who believe they have erroneously been denied a firearm under this provision. If an individual believes the denial of a firearm was erroneous, they "may bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the erroneous information be corrected or that the transfer be approved." 18 U.S.C. § 925A; 28 C.F.R. § 25.10(f). Here, the only relief Plaintiff seeks is damages, and Plaintiff has not named the United States as a defendant or alleged who provided the erroneous information. Therefore, Plaintiff has not stated a claim upon which relief can be granted under 18 U.S.C. § 925A.

Amendment claim for failure to provide adequate medical treatment to a federal prisoner. *See Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980). The Supreme Court has declined to imply a cause of action for other alleged constitutional violations eleven times since *Carlson*, calling the recognition of a cause of action under *Bivens* a "disfavored judicial activity." *Egbert v. Boule*, 596 U.S. 482, 491 (2022) (quoting *Hernandez v. Mesa*, 589 U.S. 93, 101 (2020)).

Here, Plaintiff has not named any individual federal officers as defendants, nor plausibly alleged any facts indicating a violation of his Fourth, Fifth, or Eighth Amendment rights. (Doc. 1 at 6–7.) To the extent Plaintiff is asserting a *Bivens* claim based on a violation of his Second Amendment rights, *Bivens* has not been extended to encompass such violations. *See, e.g.*, *Meeks v. Larsen*, 611 Fed. App'x 277, 286 (6th Cir. 2015); *Robinson v. Pilgram*, No. 20-CV-2965, 2021 WL 5987016, at *11 (D.D.C. Dec. 17, 2021), *aff'd*, No. 22-5001, 2022 WL 3009621 (D.C. Cir. July 28, 2022).

### 2. Claims 3–10

Claims 3–10 do not comply with the Rule 8(a) requirement that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In the "statement of claim" section of his Complaint, Plaintiff refers to an attached form titled "Notice of Claim," which, under the heading "Damages Included In The Following," lists what appear to be his intended legal causes of action. (Doc. 1 at 6–7.) However, Plaintiff fails to allege any facts to support those claims. The Court cannot discern what specific conduct is at issue, when the conduct occurred, or the specific parties or persons who allegedly engaged in such conduct, and therefore will dismiss the claims.

### III.   Leave to Amend

The Court will dismiss the Complaint with leave to amend.[4] *See Noll v. Carlson*,

---

[4] The Court suggests Plaintiff review the Court's informational Handbook for Self-Represented Litigants, available at https://www.azd.uscourts.gov/proceeding-without-attorney-0, prior to submitting an amended complaint. Plaintiff is also advised that the non-profit Step Up to Justice provides free, advice-only consultation to federal self-represented litigants. More information is available at https://www.azd.uscourts.gov/federal-court-advice-only-clinic-tucson (last visited Sept.

1  809 F.2d at 1448 (leave to amend is liberally granted unless absolutely clear deficiencies
2  cannot be cured by amendment). The Court has provided the reasons for the dismissal to
3  permit Plaintiff to make an intelligent decision whether to file a First Amended Complaint.
4  *See Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962). Furthermore, Plaintiff is
5  advised that all causes of action alleged in the original Complaint which are not alleged in
6  the First Amended Complaint will be waived. *Hal Roach Studios v. Richard Feiner & Co.*,
7  896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original").

Any amended complaint filed by Plaintiff must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. An amended complaint must be clearly designated as the First Amended Complaint on the face of the document and formatted in compliance with LRCiv 7.1. Plaintiff is advised that if an amended complaint fails to state a claim upon which relief can be granted, the Court will likely dismiss this action. Additionally, Plaintiff is advised that if he fails to timely comply with every provision of this Order, this action will be dismissed pursuant to Fed. R. Civ. P. 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

Accordingly, for the foregoing reasons,

**IT IS ORDERED:**

1. Plaintiff's Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a First Amended Complaint in compliance with this Order.

2. Plaintiff's Application to Proceed in Forma Pauperis (Doc. 2) is **granted**. Plaintiff is not required to pay the filing fee.

3. If Plaintiff fails to file a First Amended Complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice and deny any pending unrelated motions as moot.

//

---

29, 2024).

4. Plaintiff's Motion to Withdraw (Doc. 5) is **denied.** It is unclear to the Court whether Plaintiff is requesting to voluntarily dismiss the action in its entirety or withdraw as his own counsel and substitute a new attorney. Plaintiff may refile his motion to withdraw but must clarify what specific action he requests of the Court.

Dated this 13th day of November, 2024.

Jennifer G. Zipps
Chief United States District Judge